# IN THE DISTRICT COURT OF THE UNITED STATES
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESSE LEWIS, Inmate,<br>c/o CCA 2240 Hubbard Road<br>Youngstown, Ohio 44505, | ) ) ) | CASE |
| | ) | **JUDGE** |
| Plaintiff, | ) ) | COMPLAINT FOR<br>COMMON LAW |
| v. | ) ) | ASSAULT, VIOLATION<br>OF ATTORNEY-CLIENT |
| WARDEN CHRISTOPHER<br>LAROSE, in his official capacity,<br>2240 Hubbard Road<br>Youngstown, Ohio 44505, | ) ) ) ) ) | PRIVILEGE, AND CIVIL<br>RIGHTS VIOLATIONS:<br>ASSAULT, SPOLIATION OF<br>EVIDENCE, INTERFERENCE<br>WITH ATTORNEY-CLIENT |
| and | ) ) | COMMUNICATION. |
| CORECIVIC<br>5501 Virginia Way, Suite 110<br>Brentwood, Tennessee, 37027 | ) ) ) ) | 42 U.S.C. § 1981 1983 |
| and | ) ) | JURY DEMAND<br>ENDORSED HEREIN |
| JANE DOE,<br>(address unknown) | ) ) ) | |
| Defendants. | ) | |

## JURISDICTION AND PARTIES

1. Plaintiff Jesse Lewis (Lewis) is a resident of the State of New York, but is housed in Mahoning County, Youngstown, Ohio at a private prison based on a pending criminal case in the Western District of New York.

2. Defendant LaRose and Northeast Correctional Center (NEOCC) is a for-profit, private corporation operating a prison through contract with the federal government, with a locus in Mahoning County, Ohio.

3. Defendant CORECIVIC (CC) is believed to be the parent company of NEOCC, and has a domicile in the State of Tennessee.

4. Defendant Jane Doe (Doe) is a fictitious name for an employee/agent of NEOCC/CCA working at the CC location in Youngstown, Ohio.

5. Doe is believed to be a prison guard/corrections officer but only her surname is known, although the spelling of this name is unclear.  Plaintiff shall also not speculate and list the believed name in the interest of not exposing the incorrect corrections officer to potential privacy violations.

6. Plaintiff alleges an assault committed against him on April 26, 2019 by an employee/agent of Defendant NEOCC.

## PROCEDURAL HISTORY AND RELEVANT FACTS

7. On April 26, 2019, Lewis was incarcerated at NEOCC in Youngstown, Ohio when corrections officer Doe began yelling at Lewis while he was collecting cleaning supplies/bottles.

8. Doe was upset for a reason unknown to Lewis; Doe point her finger extremely close to the face of Lewis.  Lewis told Doe to remove her finger from his face, whereupon Doe assaulted him in the face.

9. Lewis received medical attention after the assault, but no medical records have been released to Plaintiff's counsel despite a written request and full medical release being sent to Defendant NEOCC in September of 2019.

10. Lewis filed an administrative complaint against Doe on May 2, 2019.

11. On May 9, 2019, NEOCC/CC delivered a memorandum from "Acting Manager Sabo" to Lewis stating that they have investigated the assault and that "the matter has been handled in an appropriate manner."  NEOCC did not share the exact punishment, suspension, termination, or other remedy placed upon Doe due to the assault.

12. Lewis obtained legal counsel, who subsequently prepared a medical release to investigate the assault.  Counsel mailed, through priority mail, a written request with the signed medical release for all medical records of Lewis between April 1, 2019 and May 30, 2019.  NEOCC/CC never responded and never provided any of medical records.

13. NEOCC provided a memo to Lewis on "CORECIVIC" letterhead, dated March 28, 2019 stating that their policy on inmate communications is to require "staff to scan the materials to determine they are legal documents."

14. Lewis wrote on this memo his concern that this violated his right to private communication with his attorneys and that scanning such documents is a Constitutional deprivation.

15. As this matter involves confinement through a federal criminal case and concerns Constitutional deprivations, This Court has federal question jurisdiction per 28 U.S.C. § 1331, 42 U.S.C. §§§ 1981, 1983, 1988.

16. This Court has supplemental jurisdiction over the Ohio common law claims pursuant to 28 U.S.C. § 1367.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW, 42 U.S.C. §§ 1981, 1983.

17. Plaintiff realleges lines 1-16 as if fully rewritten here.

18. Plaintiff has a right to be free of unprovoked physical assaults while in the custody of any agent confining him through federal court order.

19. Plaintiff's right to be free of such assault can be found in the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

20. The actions of Defendant violate these Constitutional rights, a party has the right to file a civil rights lawsuit pursuant to 42 U.S.C. § 1981, 1983.

21. Defendant NEOCC and Defendant CC have willfully refused to provide medical records and also admit to reviewing/scanning attorney-client communications of Lewis, which violate his civil rights per 42 U.S.C. § 1981 and interfere with his right to counsel and due process rights in the Fifth, Sixth, and Fourteenth Amendments.

22. As Plaintiff was intentionally assaulted by Doe without just cause on April 26, 2019. The assault by Doe, an agent/employee of Defendant NEOCC / Defendant CC, violated his civil rights and Defendants are required to be held civilly liable for the intentional tort of assault.

23. Defendant NEOCC and/or Defendant CC have intentionally and with malice refused to provide medical records despite receiving a signed medical release in September 2019 and disregarding a previous May 9, 2019 request.

24. This refusal to provide medical records to Plaintiff and/or Plaintiff's counsel is ongoing and serves to obstruct Plaintiff's evidence and if any records have been lost or destroyed, it constitutes a spoliation of evidence and deprivation of his Fifth and Fourteenth Amendment rights to due process, hinders his Sixth Amendment right to counsel, and interferes with his right to fully access the courts and prove his case in violation of 42 USC § 1981.

25. Defendant NEOCC and Defendant CC have either refused to provide medical records in violation of their own policy, or refused to provide medical records in accordance of their own policy, in either event Defendants have hindered Plaintiff's right to due process and to access the courts by withholding/hiding/or destroying evidence of damages caused by the April 26, 2019 assault.

## COUNT II – ASSAULT AND RESPONDEAT SUPERIOR

26. Plaintiff realleges lines 1-25 as if fully rewritten here.

27. The assault of Plaintiff by Defendant Doe constitutes an intentional tort, committed with malice.

28. Defendant NEOCC and Defendant CC are also vicariously liable for the assault of an employee/agent under their control under Ohio's common law doctrine of respondeat superior.

## COUNT III – CIVIL CONSPIRACY / SPOILIATION OF EVIDENCE

29. Plaintiff realleges lines 1-28 as if fully rewritten here.

30. Plaintiff has reason to believe that two or more agents of Defendant NEOCC, Defendant CC, and/or Defendant DOE acted in concert to obstruct, hinder, withhold, or destroy evidence in connected to one or more of the intentional acts alleged here: 1) the April 26, 2019 assault, 2) the failure to provide medical records, 3) the violation of the right to confidential attorney-client communications.

4

31. When two or more parties act in bad faith/or with ill-will/malice, and in concert to effectuate a tort under the common law, it constitutes a separate intentional tort known as civil conspiracy under Ohio common law.

32. If the discovery process uncovers the names of additional tortfeasors, Plaintiff will ask this Court to amend the instant complaint to add parties.

33. Should discovery disprove any civil conspiracy occurred, Plaintiff will seek to dismiss Count III of the instant complaint.

**WHEREFORE**, Plaintiff seeks the following remedies:

1. An injunction ordering Defendant NEOCC and Defendant CC to modify their policies to comply with the Fifth, Sixth, and Fourteenth Amendments and to ensure that all inmate communications between client and attorney remain privileged, unrecorded, unscanned, and with the content of communications between attorney-client unread.

2. Damages for the physical harm, emotional harm, and pain and suffering due to the assault, imposed jointly and severally among all defendants found to be liable.

3. Punitive damages against all Defendants jointly and severally should malice, bad-faith, or ill-will be proven by clear and convincing evidence.

4. Reasonable attorney fees at the appropriate hourly rate pursuant to 42 USC § 1988.

5. Incidental damages, the costs of this action, and any other remedy necessary to effectuate justice.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues of fact and damages in accordance with Federal Rule of Civil Procedure 38.

/s/ Donald Gallick
_____
DONALD GALLICK (#0073421)
COUNSEL FOR PLAINTIFF


Respectfully submitted,

LAW OFFICE OF DONALD GALLICK, LLC

/s/ Donald Gallick
_____
DONALD GALLICK (#0073421)
COUNSEL FOR PLAINTIFF
190 North Union Street #102
Akron, Ohio 44304
(330) 631-6892
donaldgallick@gmail.com