UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE LEWIS, | ) | |
| | ) | CASE NO.  4:19CV2733 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | CASE MANAGEMENT |
| MICHAEL PHILLIPS,[1] Warden, *et al.*, | ) | CONFERENCE ORDER |
| | ) | |
| Defendants. | ) | CASE MANAGEMENT PLAN |
| | ) | LR 16.1(b)(4) |

1. A Telephonic Case Management Conference was conducted on March 4, 2020.

2. The following parties were present:

   A.  Plaintiff:

   B.  Defendants:  Warden Michael Phillips as party representative for Defendant CoreCivic

3. The following attorneys were present:

   A.  Plaintiff's counsel:  Donald Gallick

   B.  Defendants' counsel:  Timothy J. Bojanowski

---

[1]  Christopher LaRose was an original Defendant.  He was sued in an official capacity as a public officer.  Michael Phillips is now the Warden at the Northeast Ohio Correctional Center. Pursuant to Fed. R. Civ. P. 25 (d), Phillips' name has been automatically substituted as a party.

-1-

(4:19CV2733)

4. A Discovery Plan was filed on February 25, 2020.

### REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

If it has not already been done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established. An Attorney Registration Form is in the Policies and Procedures Manual. In addition, counsel can easily register online at:

http://www.ohnd.uscourts.gov/content/cmecf-attorney-registration

As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for any and all documents filed electronically.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

### RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5. After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

6. This case is not suitable for Alternative Dispute Resolution (ADR) at this time.

7. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

8. There are no case-specific rulings as to the type and extent of discovery. Parties are to follow the limits established by the Local and Federal civil rules.

9. The Parties agree that there will be no discovery of electronically-stored information.

-2-

(4:19CV2733)

10. On or before March 11, 2020, Defense counsel shall mail to Plaintiff's counsel all medical records and any saved security video footage regarding the alleged assault against Plaintiff on April 26, 2019.

11. Discovery shall be completed on or before October 30, 2020.

12. Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes -- steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made. This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line. The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute. If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1. A discovery motion should only be filed *after* having been solicited by the Court.

13. **Regarding the handling of disclosed privileged material:** The parties have not reached an agreement regarding the handling of disclosed privileged material. Discovery Plan (ECF No. 6) at ¶ 7(c). On or before March 18, 2020, the parties shall file either the attached Stipulation (Attachment No. 1) or a stipulation reached by the parties regarding the handling of trial-preparation material. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(b)(5)(B).

14. Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions. If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.

-3-

(4:19CV2733)

In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

15. The cutoff to amend pleadings and add parties is April 3, 2020. Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper). The cutoff date, however, is merely a time limitation -- not a blanket leave. A party must still demonstrate that an amendment is proper under Rule 15(a). Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

16. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is December 18, 2020. Responses shall be filed by January 19, 2021 (*See* LR 7.1(d)) and Replies by February 2, 2021 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before December 18, 2020. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

17. The next Status Conference will be held on September 9, 2020, at 12:00 p.m. Noon. The conference will be conducted *via* telephone unless circumstances require otherwise. Counsel

(4:19CV2733)

for Plaintiff is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435.  Parties' attendance is welcome, but not mandatory.  Counsel should notify the Court in advance of a Status Conference if the matter has settled.

18.  **Protective orders:**  In the event the parties request a protective order, any proposed order will be rejected by the Court unless it provides that, where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall file the document under seal.  *See* Electronic Filing Policies and Procedures Manual at §§ 19 and 24.  Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible.  The proposed order shall also provide that the parties agree to be bound by its terms, during the litigation, prior and subsequent to entry by the Court.  An agreed protective order which complies with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

19. Counsel shall comply with LR 5.2.  See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

20.  Additional Rulings Regarding Motions -- LR 7.1(b)-(j) (12/16):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions.  *See* LR 7.1(f).  Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling.  Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the

(4:19CV2733)

memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

      IT IS SO ORDERED.

 March 4, 2020                         */s/ Benita Y. Pearson*
Date                                Benita Y. Pearson
                                    United States District Judge

ATTACHMENT NO. 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESSE LEWIS, | ) | CASE NO.  4:19CV2733 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | STIPULATION REGARDING |
| MICHAEL PHILLIPS, Warden, *et al.*, | ) | INADVERTENT DISCLOSURE OF |
| | ) | ATTORNEY-CLIENT PRIVILEGE, |
| Defendants. | ) | WORK PRODUCT PROTECTION OR |
| | ) | OTHER APPLICABLE PRIVILEGE |

**IT IS HEREBY STIPULATED** to, between the parties, through their respective counsel, as follows:

    i.    Any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.

    ii.    In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery.

    iii.    In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other

-1-

applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

iv. Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

v. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

vi. No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

vii. Attorney-client privilege and work product protection shall have the meanings as provided in FRE 502 (g) (1) and (2).

**Stipulated by:**

_____          _____
Attorney for Plaintiff                                   Attorney for Defendants

-2-